# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

copy

BQ-3219
**(Inmate Number)**

MR. JOHN RICHARD JAE,
**(Name of Plaintiff)** SCI-Greene/CMU

175 Progress Drive
**(Address of Plaintiff)**

Waynesburg, PA. 15370-8089

vs.

CORRECTIONS OFFICER LESTER

_____
**(Names of Defendants)**

**1:CV-01-0041**
**(Case Number)**

42 U.S.C-§1983 CIVIL RIGHTS COMPLAINT WITH A JURY TRIAL DEMAND

FILED
SCRANTON
JAN 10 2001
PER _____
DEPUTY CLERK

TO BE FILED UNDER: √ 42 U.S.C. § 1983 - STATE OFFICIALS
                    ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: Jae v. Lehman No. 92-1969(W.D.Pa.), Jae v. Rowley No. 92-248(W.D.Pa.), Jae v. Barrett No. 93-1112(W.D.Pa.), Jae v. Lehman No. 94-154(W.D.Pa.), Jae v. Good No. 94-155(W.D.Pa.), Jae v. White No. 95-64(W.D.Pa.), Jae v. White No. 95-2019(W.D.Pa.), Jae v. Collins No. 95-1442(W.D.Pa.), Jae v. Kyler No. 98-[?](M.D.Pa.), Jae v. Horn No. 98-011(M.D.Pa.), Jae v. [?] No. 98-015(M.D.Pa.), Jae v. Green No. 98-15[?](M.D.Pa.), Jae v. Horn No. 99-002(M.D.Pa.), Jae v. Laskey No. 99-1810(M.D.Pa.), Jae v. Clark No. 00-1090(M.D.Pa.), Jae v. Wexford Health Services, Inc. No. 01-1539(M.D.Pa.), Jae v. Dragovich No. 01-2127(M.D.Pa.), Jae v. [?] No. 94-1103(W.D.Pa.), Jae v. Crease, C.A. No. 94-3595(3d Cir.), Jae v. Horn No. 95-3373(3d Cir.) and Jae v. Collins, C.A. No. 95-3595(3d Cir.). (All west. Dist. Cases above were assigned to U.S.D.J. Ancaster) (All M.D. Dist. cases above were assigned to U.S.D.J. Rambo).

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      √ Yes   ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      √ Yes   ___ No

      If your answer is no, explain why not  N/A

   C. Is the grievance process completed?  ___ Yes  √ No  Because when I filed the grievance on incident among others of the SCI-Camp Hi

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant <u>Corrections Officer Lester</u> is employed as <u>a Corrections Officer</u> at <u>the State Correctional Institution At Camp Hill, RHU, Lisburg Road, P.O. Box 8837, Camp Hill PA. 17001-8837</u>

B. Additional defendants <u>N/A</u>

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. Early in the morning on August 23, 2000, Defendant Lester terroristically threatened to assault this Plaintiff to him.

2. Later on on August 23, 2000, Defendant Lester came to the Plaintiff's RHU Cell B103 with handcuffs and a security belt and told the Plaintiff that he was taking him down to the RHU Property Room to exchange his legal reference/property materials.

3. After the Plaintiff was handcuffed & the security belt was secured around his waist & back, the cell door was opened & Plaintiff came out of his cell & he & Defendant Lester then walked down the RHU B1 Tier.

4. When the Plaintiff & Defendant Lester arrived in the back hallway of the RHU out of view of the security cameras on the walls, Defendant Lester then shoved this Plaintiff into the concrete wall face first & hand & hit this Plaintiff twice on the back of his head & then once more in his lower right back.

5. At the time Defendant Lester committed the above-stated assault on this Plaintiff, this Plaintiff was handcuffed with his hands & arms pulled against his belly by the security belt and he had not assaulted nor even attempted to assault

6. During this incident the plaintiff did "not" assault nor threaten the Defendant in any fashion nor break any prison rules.

7. As a result of Defendant Lester's assault upon this Plaintiff, as stated in Paragraph No. 4, supra, this Plaintiff suffered a bruise on his lower right back where said Defendant hit him, and the back of plaintiff's head was sore & tender to the touch for several days thereafter where Defendant Lester had hit him twice at and he suffered emotional injury as he could not sleep and remained fearful of further assault for the next week.

8. That, on several dates since he assaulted this Plaintiff on August 23, 2000, Defendant Lester has again terroristically threatened to again assault this plaintiff.

9. The above-assault incident caused this plaintiff not to get to exchange his legal & religious material.

## V - LEGAL CLAIMS
### First Cause of Action

10. That, the Acts, Actions, conduct & threats of Defendant Lester, as stated herein Paragraph Nos. 1, 4 & 8, supra, constituted a physical assault and a wanton and deliberate infliction of bodily pain and emotional injury upon this plaintiff and a wanton & deliberate indifference to Plaintiff's physical & emotional well being & safety in violation of the Plaintiff's rights and the law under the Eighth Amendment of the United States Constitution, without due process of the law under the Fourteenth Amendment of the United States Constitution.

### Second Cause of Action

11. That, the Acts, Actions, conduct & threats of Defendant Lester, as stated herein Paragraph Nos. 1, 4, 7 & 8, supra, constituted a physical assault and a wanton and deliberate infliction of bodily pain and emotional injury upon this plaintiff and a wanton and deliberate indifference to Plaintiff's physical & emotional well being & safety in violation of the Plaintiff's rights & the law under Article I, §§ 13 of the Pa. State Constitution.

### Third Cause of Action

12. That the Acts, Actions, conduct & threats of Defendant Lester, as stated herein Paragraph Nos. 1, 4, 7 & 8, supra, constituted an assault & Battery upon this plaintiff and subjected him to mental anguish & duress in violation

V.  Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. A Declaratory Judgment stating that the Physical Assault upon & the Terroristic Threats to this Plaintiff by Defendant Lester Violated Plaintiff's Rights & the Law under the 8th & 14th Amendments of the United States Constitution, Article I §§ 13 & 26 of the Pennsylvania State Constitution, and constituted the Torts of Intentional Assault and Harassment under Pennsylvania Tort Law.

2. Exercise It's Pendent Jurisdiction over Plaintiff's State Constitutional and State Tort Law Claims.

3. Award Compensatory Damages in the amount of $10,000 to Plaintiff Jae from Defendant Lester.

4. Award Punitive Damages in the Amount of $10,000 to Plaintiff Jae from Defendant Lester.

5. All Plaintiff's Court & Other Costs, Filing Fees, Service Fees of prosecuting this Action.

6. All Plaintiff's Attorney Fees & Costs (if any).

7. A Trial By A Jury on All Facts & Claims herein this Action.

8. Such Other & Further Relief as it may appear this Plaintiff is Entitled herein this Civil Rights Action.

"AND PLAINTIFF FURTHER SAYETH NAUGHT="

Signed this 26th day of DECEMBER, 2000.

(S) John Richard Jae
(Signature of Plaintiff and Pro Se Counsel)


I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746.

26th DECEMBER 2000   (S) John Richard Jae
(Date)                (Signature of Plaintiff and Pro Se Counsel)

4

**FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331**

**COVER SHEET**

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER. SCRANTON

*************************************************************** JAN 2 2001

The cost for filing a civil rights complaint is $150.00.

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

   1)   the average monthly deposits to your prison account for the past six months; or

   2)   the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

***************************************************************

   1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.** _____

   2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u> **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.** ✓

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**