IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
　　Plaintiff,

vs.

C.O. LESTER,
　　Defendant

Civil No. 1:CV-01-0041

U.S. District Judge Rambo
Magistrate Judge Smyser

FILED
HARRISBURG
JUN 27 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

JUDGE'S COPY

PETITION FOR WRIT OF MANDAMUS AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff & Pro Se Counsel in the above-entitled civil action, John Richard Jae, as a Layman Unlettered in the Arts & Sciences of the laws & legal procedures within the United States, and duly files his Petition For Writ of Mandamus And Brief In Support, pursuant to 28 U.S.C. §1651, herein, who, avers, deposes & states:

I. The Motion

1. On or about March 27, 2001, Defendant C.O. Lester, by Counsel, filed his Motion To Revoke Plaintiff's In Forma Pauperis Status And Stay of Proceedings and on April 10, 2001, filed his Brief In Support of such Motion, herein this case.

2. Plaintiff's Brief In Opposition To Defendant's Motion To Revoke Plaintiff's In Forma Pauperis Status And Stay of Proceedings And Brief In Support, is/has to be filed & served, herein this case, on or before June 22, 2001.

3. Plaintiff Jae now moves this Court for an order requiring said Prison officials to return to this Plaintiff all of his legal materials, case file/papers and law books and to provide him with enough paper & envelopes to enable him to meet court deadline, by & thru this Petition of Mandamus & Brief In Support, & based upon the following facts, arguments & citations herein, below & to wit:

II. Brief In Support

Plaintiff John Richard Jae avers & submits that he has a court filing deadline of June 22, 2001 for his Brief In Opposition To Defendant's To Revoke Plaintiff's In Forma Pauperis Status And To Stay Proceedings, In Support, herein this case sub judice, however, he is unable to meet this here filing deadline, due to the facts that the SCI prison officials here are illegally withholding his legal material, court case file/papers & law books from him within the SMU Property Room &

to allow him to have sufficient enough time to go th[rough] such property boxes, locate & retrieve & take back to his cell with him, all of the legal material[s], court case files and law books of h[is] which he needs in order to enable hi[m] to prepare & file his court pleadings in t[he] court case and comply with the afore-ment[ioned] court-deadline, herein, supra, at 2. Additionally, [the] prison officials here are misquoting prison p[olicy] and illegally deny this plaintiff, who is an indige[nt] state prisoner, sufficient enough paper & carbon paper which he needs to prepare h[is] afore-mentioned court-pleadings in order to file such. Furth[er] prison officials here at SCI-Greene are illegally refus[ing] to provide this plaintiff with the legal envelop[es] which he needs to mail his afore-mentioned pleadi[ngs] to the courts, as such pleadings are too thick for regular size envelopes such as the ones officials provide this plaintiff with ten (10) of [at the] beginning of each month here.

When prison officials refuse to allow this pla[intiff] to have all of his legal materials in his A[-block] cell with him & store such in an area outsi[de] his control such violates the case's integr[ity] and at a bare minimum they should, by law, allow [him] sufficient access & time to go thru his property boxes in th[e]

Room, to locate, retrieve & take back to his cell with him the legal materials, court case files/papers & his Law Books which he needs to enable him to prepare his court case pleadings when he has a deadline to meet, and anything less would be & is, a denial of access to the courts & this, SCI-Greene prison officials have failed to do here.

On May 31, 2001, plaintiff Jae sent an inmate request form to Mr. Mark Capozza, the SCI-Greene SMU Unit Manager, and advised Mr. Capozza, of his need for the afore-mentioned court case pleadings/files & legal papers in his stored property boxes in the SMU property room here, of the afore-mentioned court deadline, & of the facts that he has not been given sufficient enough time to search his stored property boxes here for his needed court case file/papers & Law Books which he to make/meet such afore-mentioned court deadline & he requested therein that Mr. Capozza make arrangements to put my stored property Boxes the SMU mini Law Library with me the next time I go to the Law Library here or that he grant me 12 hours to go thru my stored property to find such.

Mr. Capozza, on May 31, 2001, replied back to me writing on such request to him and denied such refused to do such & denied me access to s in violation of the First Amendment U.S. constitut

Additionally, from May 2, 2001 — May 9, 2001, SMU Unit Manager Capozza denied this Plaintiff total access to his legal materials, court case files/papers/law books, that Capozza illegally refused to allow this Plaintiff to possess any of his legal court case files/papers, law books & correspondence materials (i.e., paper, carbon paper, envelopes) at all, thereby illegally causing this Plaintiff to miss the filing dead line of May 10, 2001, for his Petition for Reconsideration of U.S. District Judge's Order in Joe v. Kyler, et al., CA No. 1:CV-00-0315, which Plaintiff otherwise would have filed in such case, if Mr. Capozza had not illegally denied him such items as stated & thus causing Plaintiff to suffer an actual injury & a denial of his First Amendment, U.S. Constitutional & Article 1, §20, Pa. State Constitutional Rights of access to the Courts.

On May 6, 2001, Plaintiff Joe wrote & sent out a letter to SCI-Greene Superintendent Conner Blaine, Jr., and a letter to SCI-Greene Deputy Superintendent for Centralized Services Paul J. Stowitzky about the above-referenced denials of Mr. Capozza's (among other things) & about that I was going to miss my filing deadline of May 9, 2001.

Superintendent Blaine refused to do anything about such & Deputy Stowitzky violated policy about responding to correspondence from inmates and failed to even show the common courtesy due of responding back to me on such correspondence, as sent to him on May 6, 2001.

Additionally, the SCI-Greene Librarians have failed to supply this Plaintiff with enough paper and carbon paper to prepare his legal pleadings in this aforementioned case and have refused to provide this Plaintiff with any large legal size envelopes to mail such pleadings out to this court & to counsel for the Defendants. This Plaintiff is totally indigent and he has no money at all to buy such himself. Thus, they too, "have" illegally denied this Plaintiff his aforementioned U.S. & Pa. Constitutional Rights to access to the Courts & both Superintendent Blaine & Deputy Stowitzky are aware of this & yet have failed to do anything about it.

Thus, given the above aforegoing facts, it should be clear to a reasonable man & most certainly to this court, that this Plaintiff already has & "will" be again in the near future, denied his State & Federal Constitutional right of access to the Courts, unless this Court intervenes & grants the relief requested herein this pleading.

In Bands v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d (1977), the U.S. Supreme Court held that the Constitution required prison officials to assist inmates in the preparation & filing of meaningful

legal papers with the courts. See Bounds, supra, 430 U.S. at 975-ct at 1498.

In Peterkin v. Jeffes, 855 F.2d 1021 (3d Cir. 1988), our Third Circuit U.S. Court of Appeals, reasoned that

> An actual injury necessarily occurs by virtue of a prison's failure to provide the level of assistance required under Bounds,

and by failing to allow this plaintiff to have sufficient access and to go through his stored legal property boxes to locate, retrieve and back to his cell within, his necessary legal materials, court case papers & his own personal softcover law books and by totally denying him ~~to possession~~ of his legal & correspondence materials, court case files/papers personal law books at all here from 5-02-01 — 5-09-01 ~~caus~~ to miss a deadline for his Petition For Reconsideration, herein this case, and him enough paper & carbons to prepare his aforementioned pleading and any long envelopes at all to mail such pleadings into this court & to counsel for the Defendants SCI-Greene Prison officials have violated their duty, under the U.S. Constitution to this inmate plaintiff in the preparation and filing of meaningful legal papers with the ~~they'll much~~ so under Bounds, 430 U.S. at 828, 98 S.Ct. at 1498, and this plaintiff "has" already suffered actual injury as a direct result thereof & he "will" suffer actual injury again in the near future as a direct result thereof, unless this court intervenes here & grants this plaintiff the relief which he seeks & requests herein.

Futhermore, this plaintiff avers & argues that, seizure or deprivation of a prisoner's legal papers may also violate the Constitution. Zilich v. Condine, 917 F.2d 359, 364 (7th Cir. 1990); Roman v. Jeffes, 904 F.2d ___ (3d Cir. 1990); Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987); Simmons v. ___, 804 F.2d 182, 183-85 (1st Cir. 1986); Wright v. Newsome, 795 F.2d 964 (1986); Patterson v. Mintzes, 717 F.2d 284, 285 (6th Cir. 1983); Tyler v. ___, F.2d 643, 644 (8th Cir. 1979); Williams v. ICC Committee, 812 F.Supp. ___ (N.D. Cal. 1992); Gallipeau v. Berard, 734 F.Supp. 48 (D.R.I. ___); ___ v. Scully, 606 F.Supp. 176, 183-84 (E.D.N.Y. 1985); Stringer v. Thompson, ___ F.Supp. 133, 137 (N.D. Ill. 1985); Sipe v. Boarden kircher, 572 F.Supp. 126s (N.D. W.Va. 1981) and in Carter v. Hutto, 781 F.2d 1028 (4th Cir. ___) U.S. Court of Appeals for the Fourth Circuit, stated and held:

> He has asserted that prison officials confiscated and/or destroyed his legal materials some of which were ___ rendering nugatory his ___

430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed. 2d 72 (1977) (States failure to provide legal research facilities denies inmates access to the courts in violation of the fourteenth amendment); Hudspeth v. Figgins, 584 F.2d at 1347-8 (alleging that correctional authorities threatened prisoner with physical harm to deter him from seeking judicial relief states cognizable claim under §1983); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (Confiscation of legal materials from prisoner constitutes unreasonable interference with access to courts). Were Carter to succeed in proving these allegations, his entitlement to some remedy would be beyond dispute. (Carter, 731 F.2d at 1032).

Furthermore, in Rylen v. Rail Deputy Sheriffs, 574 F.2d 427, 429 (8th Cir. 1978), U.S. Court of Appeals for the Eighth Circuit, stated & held:

> The taking of a prisoner's legal papers states a claim under 42 U.S.C. §1983 of 1985 if the taking results in interference with or infringement of the prisoner's constitutional rights of access to the courts. Stgafue v. Brown, 416 F.2d 105 (7th Cir. 1969); Rylen, 574 F.2d at 429.

Furthermore, in Patterson v. Mintzes, 717 F.2d 284 (1983), the U.S. Court of Appeals for the Sixth Circuit, stated & held:

> As has been recently summarized:
>
> "[P]ersons in prison, like other individuals, have the right to petition the government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'" Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), quoting Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969).
>
> Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Prison officials are charged with the responsibility of assuring that inmate access to the courts is "adequate, effective and meaningful." Bounds, supra, 97 S.Ct. at 1495. See also Bounds v. Ohio, 360 U.S. 253, 79 S.Ct. 1110, 3 L.Ed.2d 1209 (1959); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). A prisoner's First Amendment guarantees must be freely exercisable without hinderance. Milhouse, supra, 652 F.2d at 374, see generally Ferranti v. Moran, 618 F.2d 888, 891-92 (1st Cir. 1980); Taylor v. Riley, 594 F.2d 1220, 1222-23 (5th Cir. 1979); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. den. 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979) (Patterson, 717 F.2d at 289).

See also Hatney v. Wilson, 620 F.2d 589, 591 (3d Cir. 1975) and Coughlin, 517 F.2d 1317, 1320 (7th Cir. 1975).

Furthermore, plaintiff/movers #5 submits that prison officials cannot his legal research, scientific or otherwise. Holding paperwork in

The American Correctional Association (ACA) Standard 3-4269 as to the Courts grants, "--- the right of access to the courts minimally provides Inmates have the right to present any issue, including the following: challenging the legality of their conviction or confinement, seeking relief for illegal conditions or treatment while under correctional control, pursuing remedies in connection with civil legal problems, and asserting against correctional or other government authority any other right protected by constitutional or statutory provisions or common law. Inmates seeking judicial relief are not subjected to reprisals or penalties because of the decision to seek relief."

Court access enters the picture through the First Amendment when officials deny the ability to have the materials necessary to comprehend the transcript, evidence and reports of one's own conviction. Transcripts and evidence are not generic, but specific to each conviction. Errors in one case may not appear in the next. Thus, prison officials cannot deny an inmate his legal research, scientific or otherwise, when the inmates only chance for freedom is "in the books" through the courts.

Finally, in Bounds, supra, 97 S. Ct., at 1496, the U.S. Supreme Court:

moreover our decisions have consistently required states to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them.

For purposes of this pleading only, Plaintiff joins as parties to this action, pursuant to Fed. R. Civ. P., Rule 19(A), Conner Blaine, SCI-Greene Superintendent and Mark Cafazza, SCI-Greene's Unit Manager.

This Court has jurisdiction to grant the relief which the plaintiff seeks by/in this petition, pursuant to 28 U.S.C. §1651.

Also, U.S. District Judge Sylvia H. Rambo, of this Court, has granted the relief which this plaintiff seeks in this petition previously, in her orders, dated October 6, 2000, in Travis Logan Civil No. 1:CV-99-1971 and Joe v. Lackawanna 1:CV-99-1610

(W) HEREFORE, based upon the foregoing facts, argum[ents] & citations of authorities, herein, Plaintiff John Richard Jae R[...] that this Court will enter an order, ordering that this [...] /Writ is granted, and SCI-Greene Prison Officials [are] hereby ordered to forthwith return all of his legal mat[erials], court case files/papers & his own personal law boo[ks to] him here, and that they are to provide this Plaint[iff] with enough paper & carbon paper, so that he can pre[pare] and file his legal pleading/brief in opposition in th[is] case & that they are to provide this Plaintiff with [a] legal envelope to mail such brief to this Court o[r] counsel for the Defendant, herein this case =

AND HE SHALL EVER PRA[Y]
RESPECTFULLY SUBMITTED
(s) _____ John Richard Jae
MR. JOHN RICHARD JAE
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370-[...]

Plaintiff and Pro Se [...]

Dated: 20th JUNE 2001 =