IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD SAE,
    Plaintiff,

vs.

C.O. LESTER,
    Defendant.

CIVIL No. 1:CV-01-00[?]

(U.S. District Judge Rambo)
(Magistrate Judge Smyser)

FILED
HARRISBURG

AUG 27 2001

MARY E. D'ANDREA, CLERK
Per_____ S/S
    DEPUTY CLERK

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS AND ENLARGEMENT OF TIME TO RESPOND TO PETITIONER'S PETITION FOR WRIT OF MANDAMUS

COMES NOW, the Plaintiff & Pro Se Counsel in the above-entitled Civil Action, John Richard Sae, as a Layman Unlettered in the Arts & Sciences of the [?] Procedures within the United States, pursuant to M.D. LR 7.6, & now files Plaintiff's Brief In Opposition To Defendant's Motion For Stay Of Proceedings [&] Enlargement of Time To Respond To PETITIONER'S PETITION FOR WRIT OF MANDAMUS, herein, & who, avers, deposes & states:

### I. RELEVANT PROCEDURAL HISTORY

On or about January 1, 2001, Plaintiff John Richard Sae, a Pennsylvania State Prisoner, commenced this above-captioned Civil Rights Action, [pursuant] to 42 U.S.C. §1983 by filing a Complaint, along with an Application For Leave To Proceed In Forma Pauperis. On January 25, 2001, this Court granted Plaintiff's Request to Proceed In Forma Pauperis. On or about March 27, 2001, Defendant C.O. Lester, by counsel, [filed] his Motion To Revoke Plaintiff's In Forma Pauperis Status And Stay Proceedings. Defendant's Brief In Support of such Motion was filed on or about [?] April 10, 2001. On or about April 23, 2001, the Plaintiff [filed a] Motion For Enlargement Of Time to file his Brief In Opposition to defendant's Motion to revoke Plaintiff's In Forma Pauperis Status and Stay of Proceedings, which this Court granted on April 27, 2001. On or about June 25, 2001, Plaintiff [filed]

filed his Petition For Writ Of Mandamus And Brief In Support, hereof asking this court to order SCI-Greene Prison Officials to return all his legal materials, court case files/papers & his own personal lawbooks to him here, and that they are to provide the Plaintiff with enough paper & carbon paper so that he can prepare & file his legal pleadings, brief in opposition to this case & that they are to provide the Plaintiff with two (2) legal envelopes to mail his brief to this court & to counsel for the Defendant, herein this case. The Plaintiff attached a Certificate of Service to the petition/brief, affirming that he served counsel for the Defendant with a true & correct carbon copy thereof of the same, by way of U.S. 1st Class Mail, Postage Prepaid on June 22, 2001.

On August 6, 2001, U.S. Magistrate Judge J. Andrew Smyser, of this court, filed an Order, in this case, ordering that:

> AND NOW, this 6th day of August, 2001, IT IS HEREBY ORDERED that on or before August 14, 2001, the defendants shall either file a brief in opposition to the plaintiff's petition for writ of mandamus (doc. 19) or file a statement indicating that they do not oppose the petition.

On August 16, 2001, Defendant, by counsel, filed his Motion For Stay Of Proceedings And Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mandamus, herein this case.

This is the Plaintiff's Brief In Opposition To Defendant's Motion For Stay Of Proceedings And Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mandamus.

## II.   STATEMENT OF THE FACTS

Plaintiff alleges that on August 23, 2000, Defendant C.O. Lester threatened to assault him. (Complaint at 1) Also on this date, Defendant Lester was escorting Plaintiff to the Restricted Housing Unit Property Room to exchange his legal and religious materials. (Complaint at 2) Plaintiff claims upon arriving in the back hallway of the RHU, out of view of the RHU security cameras, Defendant C.O. Lester shoved the Plaintiff into the concrete wall, face first and hit Plaintiff twice on the back of his head & his lower back. (Complaint at 4) During the alleged assault, the Plaintiff was handcuffed to a security belt secured around his waist. (Complaint at 5)

Plaintiff claims he suffered a bruise on his lower back and soreness on his head as a result of such assault. (Complaint at 7) Plaintiff further claims that Defendant C.O. Lester threatened to assault him on several dates following August 23, 2000. (Complaint at ...)

## III. ARGUMENT

A. DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS AND ENLARGEMENT OF TIME TO RESPOND TO PETITIONER'S PETITION FOR WRIT OF MANDAMUS SHOULD BE DISMISSED BY THIS COURT WITHOUT CONSIDERATION OF THE MERITS THEREOF DUE TO VIOLATIONS OF FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE OF THIS COURT AND OTHER IMPROPRIETIES.

First of all, Plaintiff avers & submits that, Defendant's Motion For Stay of Proceedings And Enlargement of Time to Respond to Petitioner's Petition For Writ Of Mandamus, herein, is improper and should be dismissed by this Court without Consideration of the merits thereof because such violates Federal Rules Of Civil Procedure, Rule 11 (a), which in its relevant part states;

(a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, - - - -

and Defendant C.O. Lester's Attorney of Record herein this case sub judice, Pa. Dept. Of Corrections, Office of the Chief Counsel, Assistant Counsel Victoria S. Freimuth, however, the Assistant Counsel who signs Defendant's Motion For Stay Of Proceedings And Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mandamus on August 16, 2001, is Asst. Counsel Michael J. McGovern, who is "not" Defendant's Counsel of Record here this case, and who should "not" have signed such Motion on behalf of the Defendant.

Second of all, Plaintiff avers & submits that, Defendant's Motion For Stay of Proceedings and Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mand. herein, is improper and should be dismissed by this Court without consideration of the merits thereof because such violates Federal Rules Of Civil Procedure, Rule 7 (b)(3); which states;

All motions shall be signed in accordance with Rule 11.

and Defendant's Motion here is "not" signed in accordance with Rule 11, for the reasons as stated above.

Third of all, such Motion should be dismissed by this Court without consideration of the merits thereof because it does "not" state therein that Defendant's Attorney of Record, Assistant Counsel Victoria S. Freimuth, was sick or was on

unavailable to sign such motion in accordance with Fed.R.Civ.P. 11(a), nor does such motion state any other special circumstance(s) nor reason(s) why she could not sign such motion and in fact, such motion fails to state anything as to why Assistant Counsel Michael J. McGovern signed such instead of Defendant's Attorney of Record Victoria S. Freimuth.

Fourth of all, Plaintiff avers & submits, that, Defendant's Motion For Stay of Proceedings And Enlargement of Time To Respond To Petitioner's Petition For Writ Of Mandamus, herein, is improper & should be dismissed by this Court without decision on the merits thereof because such was prepared, signed & filed in violation of M.D. LR 83.15 of this Court which states:

> Appearance of counsel shall not be withdrawn except by leave of court. The Court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The Court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

and herein this instant case, Assistant Counsel Michael J. McGovern states therein Defendant's Motion For Stay Of Proceedings And Enlargement of Time To Respond to Petitioner's Petition For Writ Of Mandamus, at is/res by and through his Attorney, Michael J. McGovern, Assistant Counsel, Penn. Department of Corrections; however, Michael J. McGovern is "not" Defendant's attorney, as, Victoria S. Freimuth, "is" Defendant's Attorney, as neither Michael J. McGovern nor Victoria S. Freimuth have complied the above-cited provisions of M.D. LR 83.15; in that, Michael J. McGovern has "not" entered an appearance and Victoria S. Freimuth, the counsel who would be superseded, has "not" complied with the rule and applied for leave to withdraw from the action nor has this court granted any such leave, herein this case and only an attorney of record or an unrepresented party may file any motion on the party's behalf by law. while this court can disregard its own Local Rules, it cannot disregard the Fed.R.Civ.P. Pro

Finally, the Plaintiff avers & submits, that, Defendant's Motion For Stay Of Proceedings And Enlargement of Time To Respond To Petitioner's Petition For Writ of Mandamus, herein, should be dismissed by this Court without

is improper, as such lists the parties to this Civil Action as being the "Petitioner" and "Respondent", when the parties are the "Plaintiff" and "Defendant", and the case number for this Civil Action is listed improper on such motion.

Based on the above & foregoing facts & arguments, this Court shall dismiss ~~~~~~ the Defendant's Motion For Stay Of Proceedings And Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mandamus without consideration thereof.

    B. DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS AND ENLARGEMENT OF TIME TO RESPOND TO PETITIONER'S PETITION FOR WRIT OF MANDAMUS "IS" SPECIOUS, FACTUALLY FRIVOLOUS AND UNTRUE AND SHOULD BE DENIED BY THIS COURT HEREIN.

Plaintiff avers & submits that, if this Court does not accept and grant the foregoing arguments, as by law, it shall, than it shall still deny Defendant's Motion For Stay Of Proceedings And Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mandamus, such "as" specious, factually frivolous and untrue, based upon the following:

Defendant claims that:
    Respondent never received the above referenced Petition For Writ Of Mandamus or brief.

Defendant also claims that:
    The Court's Order of August 6, 2001 was the first notice Respondent received of Petitioner's Petition.

Plaintiff, the first of all, avers & submits that there is no Petitioner nor Respondent herein this case, only this Plaintiff and Defendant Lester and, second, the facts and allegations of Defendant's Motion For Stay And Enlargement Of Time To Respond To Petitioner's Petition For Writ Of Mandamus, "are" nothing more than Defendant's/Counsel's "lies" and such Petition "is" therefore specious, factually frivolous and untrue, as on June 26, 2001, this ~~~~~~ "had" Defendant's copy of such Petition, which this Plaintiff had given to them

such there is no reason why Defendant's counsel should not have received her copy of such Petition for Writ of Mandamus and Brief in Support herein this case and furthermore, by such, counsel is indicating that this Plaintiff is lying and this Plaintiff has been in prison now 14 yrs. He has never received a misconduct Report for lying, & before he came to prison, his reputation for veracity was good also. Defendant also claims, that:

> a) On June 28, 2001, Petitioner filed a Petition for Writ of Mandamus and a brief in support thereof asking the Court to order officials at the State Correctional Institution at Greene (SCI-Greene) to return all legal materials, court-files and law books to Petitioner and to provide Petitioner with paper, carbon paper and two legal envelopes. Petitioner attached a Certificate of Service to his Petition and brief affirming he served 'Respondent.' 4)

Plaintiff ave avers & submits, that the above-referenced statement of Defendant/Counsel "is" further proof that Defendant's counsel did receive a copy of such Petition, as how else would Defendant/counsel know that this Petitioner attached a certificate of service to his Petition and brief affirming he served Respondent, as he does state and also how would he know what it is that this Petitioner asks the Court to order he states in Para. No. 1 of his Motion for Stay, etc., if his counsel had received a copy of such Petition? Alternatively, if Defendant/Counsel obtained a copy of such Petition from the Court File in the Clerk's office, his Motion for Stay of Proceedings and Enlargement of Time to Respond to Petitioner's Petition for Writ of Mandamus still should be denied as Defendant's motion "is" moot herein, as he "has" a copy of what he claims he/his counsel was not served with by this Plaintiff, and whether counsel received a copy of Petition from this Plaintiff or from the Court or from the Clerk's office, it is evident that he now has a copy of such & thus, Defendant's Motion for Stay of Proceedings and Enlargement of Time to Respond to Petitioner's Petition for Writ of Mandamus, herein, should be denied by this Court.

Finally, the Plaintiff avers & submits, that he has done all he could personally do herein to comply with the provisions of Fed. R. Civ. P. 5(b) and M.D. LR 7.2, on service, as he is a prisoner who is locked in in the Special Management Unit of SCI-Greene and cannot get out of his cell and walk out to the prison mailroom and personally hand Defendant/co

4/ See Defendant's Motion For Stay of Proceedings and Enlargement of Time to Respond to

such Petition for Writ of Mandamus and Brief in Support to the Prison Mailroom Staff here and therefore, if in fact Defendant/Counsel are telling the truth therein Defendant's Motion for Stay of Proceedings and Enlargement of Time to Respond to Petitioner's Petition for Writ of Mandamus and Defendant's Counsel *actually* did not receive a copy of the same it is "not" the fault of this Plaintiff, as he "did" give Prison Officials here a copy of such Petition to mail to Defendant's Counsel at her Office address of record, on June 22, 2001, and in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988), the U.S. Supreme Court held a pro se notice of appeal is deemed filed on the day it is given to prison officials for mailing. The Court reasoned that the litigant *loses* control over the notice as soon as he turns it over to prison personnel. *Houston v. Lack*, 487 U.S. 266, 275-76, 2379 (1988). The lower courts have generally applied this rule to other litigation deadlines as well. See *Garvey v. Vaughn*, 993 F.2d 776, 782-83 (11th Cir. 1993); *Simmons v. Ghent*, 970 F.2d 392, 393 (7th Cir. 1992); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990) and *Smith v. Evans*, 853 F.2d 155, 161-62 (3d Cir. 1988); and, here in this instant case, once Plaintiff turned over Defendant's Counsel's copy of the Petition for Writ of Mandamus and Brief in Support to Prison Personnel here, he, in fact, lost control over such copy of the Petition as soon as he did so. Thus, this Plaintiff should "not", by law, have to serve "another" copy of such Petition on Counsel for the Defendant, herein this case, and, besides this he does "not" have enough paper to prepare a copy of such Petition to serve "again" on Defendant's Counsel.

Therefore, Defendant's Motion for Stay of Proceedings and Enlargement of Time to Respond to Petitioner's Petition for Writ of Mandamus should, by law, be denied by this Court, herein this case.

(W)HEREFORE, for the foregoing reasons & arguments, herein, this Court should dismiss the Defendant's Motion for Stay of Proceedings and Enlargement of Time to Respond to Petitioner's Petition for Writ of Mandamus, herein, without consideration of the merits thereof, or, in the alternative should hold such on the merits:

RESPECTFULLY SUBMITTED,

(s) ___John Richard___
MR. JOHN RICHARD, JR.,
#BG-3219

Dated: 21st of AUGUST, 2001:

Joe vs. C.O. Lester
Civil No. 1:CV-01-0041

## CERTIFICATE OF SERVICE

I certify that on 6-22-01, I mailed to the person listed below a true and correct carbon copy of each of Plaintiff's Petition For Writ of Mandamus and Brief In Support and Motion For Enlargement of Time, by way of U.S. 1st class mail, postage prepaid and addressed to:

Ms. Victoria S. Freimuth,
Assistant Counsel
Office of the Chief Counsel
Pennsylvania Dept. of Corrections
55 Utley Drive
Camp Hill, PA. 17011

I certify that on 6/22/01, I gave to prison officials for mailing to this court the originals of each of the above-named documents.

I certify under penalty of perjury & pursuant to 28 U.S.C. §1746 the above, to be true & correct:

Date Executed on:
22nd June 2001
At: Waynesburg, Pennsylvania

(s) _____
Mr. John Richard Joe
#BQ-3319
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370

Plaintiff and Pro se Counsel

| DC-138A<br><br>**CASH SLIP** | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS |
|---|---|

**1. REQUISITIONING INMATE**

| INSTITUTIONAL NUMBER | LOCATION | DATE |
|---|---|---|
| BQ 3219 | 1789 | 6/22/01 |

**2. RECEIVING INMATE**

| INSTITUTIONAL NUMBER | LOCATION | DATE |
|---|---|---|
| | | |

**3. ITEMS TO BE CHARGED TO MY ACCOUNT**

For Postage, outgoing Legal/Court Mail

To: Ms. Victoria S. Freimuth,
Assistant Counsel
Office of the Chief Counsel,
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA. 17011

**4. INMATE'S SIGNATURE**

John R. Doe

**5. OFFICIAL APPROVAL**

**6. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ .34 | 6-06 | |

Plaintiff's Exhibit - B -