

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Petitioner, | : |
| v. | : Civil Action No. 1:01-CV-0041 |
| | : (Judge Rambo) |
| CORRECTIONS OFFICER LESTER. | : (Magistrate Judge Smyser) |
| Respondent. | : |

## RESPONDENT'S BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS AND ENLARGEMENT OF TIME TO RESPOND TO PETITIONER'S PETITION FOR WRIT OF MANDAMUS

### FACTS

On January 10, 2001, Petitioner, John Richard Jae (hereinafter "Jae") filed a Complaint in your Court, invoking the Court's jurisdiction pursuant to 42 U.S.C. Section 1983. As part of his Complaint and in compliance with 42 U.S.C. Section 1983 and 42 U.S.C. 1997(e) listed the numerous other lawsuits he has filed in Federal Court while a prisoner. Jae also affirmed there is a grievance procedure available at his institution, that he did file a grievance, and that the grievance process is not completed because the institution allegedly refused to accept the grievance. On January 24, 2001 your Court granted Jae's Motion to Proceed In Forma Pauperis.

On February 22, 2001, your Court issued a Case Management Order in this matter. On March 27, 2001, Respondent Corrections Officer Lester (hereinafter "Lester"), by and through

his attorney, filed a Motion to Revoke Petitioner's In Forma Pauperis status pursuant to 28 U.S.C. §1915(b) because more than three of Jae's prior Federal Complaints have been deemed frivolous, malicious or failed to state a claim upon which relief can be granted and Jae's was not under imminent danger of serious physical injury at the time the Complaint was filed.

On April 10, 2001, Lester filed his Brief in Support of Motion to Revoke Jae's In Forma Pauperis status, and on April 25, 2001 Jae filed his first Motion for Enlargement of Time to file his Brief in Opposition to Lester's Motion. On April 27, 2001 your Court granted Jae's Motion for Enlargement of Time and ordered that Jae's Brief be filed on or before June 22, 2001.

On June 20, 2001, Lester filed a Motion to Extend the Courts Case Management Order by sixty days after the Court has ruled upon Respondent's Motion to Revoke Petitioner's In Forma Pauperis status. On June 25, 2001, the Court granted Lester's Motion to Extend the Case Management Order.

On June 27, 2001, Jae filed another Motion for Enlargement of Time in which to file a Brief in Opposition to Lester's Motion to Revoke Jae's In Forma Pauperis status. At the same time, Jae filed a Petition in Mandamus and Brief in Support thereof asking the Court to order the Department of Corrections for return all of Jae's legal materials, Court files and law books to him and that the Department of Corrections provide him with carbon paper and legal envelopes. None of these pleadings were served on Lester's attorney.

On July 5, 2001, the Court granted Jae's Motion to again extend the time for Petitioner to File a Brief in Opposition to Respondent's Motion to Revoke Petitioner's In Forma Pauperis status, granting Jae until July 23, 2001 to file his brief. On July 27, 2001 Jae filed another Motion to Extend the time to file his brief in Opposition to Respondent's Motion to Revoke Petitioner's In Forma Pauperis status. Jae did not serve this Motion of Lester's attorney.

On August 6, 2001, the Court issued an order that on or before August 14, 2001 Lester to either file a brief in Opposition to Petitioner's Petition for Writ of Mandamus or a statement indicating he does not oppose the petition. This is the first notice to Lester of Petitioner's Petition for Writ of Mandamus.

On August 7, 2001, the Court granted Jae's Motion for an Enlargement of Time to file his brief in opposition to Respondent's Motion to Revoke his In Forma Pauperis status. Lester's attorney was never served with this motion.

On August 16, 2001, Lester, by and through his attorney filed a motion in your Court asking the Court to stay proceedings as to Petitioner's Writ of Mandamus until such time as Jae properly serves Lester and to grant an Enlargement of Time to file a Brief in Opposition to Petitioner's Petition for Writ of Mandamus.

3

## QUESTIONS PRESENTED

I. SHOULD JAE'S PETITION FOR WRIT OF MANDAMUS BE STAYED UNTIL PROPER SERVICE IS MADE ON DEFENDANT?

Suggested Answer:

II. SHOULD JAE'S PETITION FOR WRIT OF MANDAMUS BE DISMISSED BECAUSE HE HAS FAILED TO ESTABLISH THAT HIS RIGHT TO ACCESS TO LEGAL RESOURCES HAS BEEN ABRIDGED?

Suggested Answer: In the Affirmative.

## ARGUMENT

I. JAE'S PETITION FOR WRIT OF MANDAMUS BE STAYED UNTIL PROPER SERVICE IS MADE ON DEFENDANT.

Jae's Writ of Mandamus should be stayed until proper service is made on Defendant.

Fed.R.Civ.P. 5(b) provides:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney . . . by delivering a copy to the attorney or mailing to an attorney.

Jae has failed to serve Respondents attorney with any of his Motions for Enlargement of Time or with his Petition for Writ of Mandamus and Brief in Support thereof. Respondent's attorney's first notice of Jae's Petition for Writ of Mandamus and Brief in Support thereof. The United States Supreme Court held in 1845 "no one shall take advantage of his own wrong" Henderson v. Anderson, 44 U.S. 73, 11 L.Ed. 499 (1845). To grant Jae's Petition for Writ of Mandamus will reward him for his "own wrong", failing to serve Respondent.

Mr. Jae is a *pro se* litigant who has filed numerous actions in various Federal District Courts. He is well aware of the Federal Rules of Civil Procedure. Courts have traditionally shown *pro se* litigants a leniency not extended to those with legal representation. In re: McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed 2d 158 (1989). This leniency does not mean *pro se* litigants should be allowed to abuse the system with impunity. Jae's Petition for Writ of Mandamus should be stayed until he has properly served Lester, or in the alternative dismissed as meritless.

II.   JAE'S PETITION FOR A WRIT OF MANDAMUS SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO ESTABLISH THAT HIS RIGHT TO ACCESS TO ADEQUATE LEGAL RESOURCES HAS BEEN ABRIDGED.

"Mandamus is an extraordinary remedy which is "to be granted only in extraordinary case" United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982) cert denied 459 U.S. 1211, 75 L.Ed 2d 446, 103 S.Ct. 1205 (1983) quoting United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970). To confine the issuance of a writ of mandamus to extraordinary circumstances, the Supreme Court has, as conditions of issuance, required the Petitioner "have no other adequate means to attain the relief he desires . . . and that he satisfies the burden of showing that his right to the issuance of the writ is clear and indisputable . . . Moreover, it is important to remember that issuance of the writ is in large part of matter of discretion with the Court to which the petition is addressed." Kerr v. United States District Court, 426 U.S. 394, 403, 48 L.Ed. 2d 725, 733, 96 S.Ct. 2119, 2124 (1976).

In his Petition, Jae alleges that he has been denied access to <u>all</u> of his legal materials, Court case files and law books which he needs to prepare his pleadings. (emphasis in the Jae's brief). Jae has not alleged he is being denied all access to his "legal materials" but instead that he is being denied access to all his legal materials at the same time. If, in fact, Jae has been denied access to all of his legal materials at the same time for security on any other reasons, it has not in anyway adversely impacted his ability to prosecute this matter.

The most compelling evidence that Jae has been provided with everything necessary to respond to Respondents Brief in Support of Motion to Revoke In Forma Pauperis status is Jae's brief in Support of his Motion for a Writ in Mandamus. In his brief, Jae correctly names the Court, the caption, the docket number, the assigned Judge, the assigned Magistrate Judge, the date Counsel for Respondent filed the Motion to Revoke Jae's In Forma Pauperis status and the

6

date the brief in support thereof was filed, and the date his brief in opposition to the motion was originally due. Clearly, none of the relevant materials to this case have been withheld from Jae.

Jae further claims he cannot respond because he has been denied access to his personal law books. Again, the Court need look no further than Jae's brief in support of Petition for Writ of Mandamus to see how ludicrous this claim is. In his brief, Jae cites over twenty-five cases from the United States Supreme Court, the various Circuit Courts and numerous District Courts. He not only cites them with the correct citations, he is able to quote them verbatim at length. He also cites the United States Constitution and the Pennsylvania Constitution. Although Respondent strenuously argues that a careful reading of each of the cases Jae's brief proves. Jae cites and quotes show that the cases are all distinguishable from Jae's, the fact remains Jae was provided with more than adequate access to a law library.

Likewise, Jae claims he was not provided with paper, carbon paper and envelopes. Respondent poses the question: If Jae was denied access to these materials, how did he draft his Petition for Writ of Mandamus and Brief in Support thereof and manage to file them with the Court? These materials could have just as easily been used to write the brief Jae keeps insisting he doesn't have the resources to prepare.

In Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 491, 52 L.Ed 2d 72 (1977) the Court stated: "our decisions have consistently required states to shoulder affirmative obligations to assure all prisoner's meaningful access to the Courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents." Bounds U.S. at 824-825 and providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. Bounds U.S. at 828. "Nevertheless, a legal access program need not include any particular element we have discussed and we encourage local experimentation. Any plan,

7

however, must be evaluated as a whole to ascertain its compliance with constitutional standards. Bounds U.S. at 832. Again, the compelling evidence of Jae's brief in support of his Petition for Writ of Mandamus establishes that the Bounds test has been met and surpassed.

In Brownlee v. Conine, 957 F.2d 353 cited by Jae, the Court stated,

> "The prisoner claims that one of the Defendants turned down a number of requests to return documents that he needed for a suit he had filed, even though the Defendant knew that the documents had been confiscated by one of the guards, and that because the documents were not returned, the suit was dismissed. Subsequent proceedings may show this claim is unfounded; but it is not insufficient, let alone frivolous on its face."

Brownlee at F.2d 355.

Jae makes the exact same claim here, that a suit was dismissed because he was denied access to his documents. However, it was not this suit. This suit is proceeding and is not the proper forum to resolve the dismissal of any other of Jae's complaints because that subject is not the gravaman of this Complaint. This Complaint is directed solely to Lester, a Corrections Officer in a facility where Jae is no longer incarcerated.

More directly, one point to this petition is the Court's statement in Brownlee. "Indeed, a number of this prisoner's claims . . . fail to state a claim . . . also frivolous is the claim that the prisoner was not allowed to have hard cover law books . . . for he doesn't argue a lack of reasonable alternatives (such as) access to law books in the jails law library." Brownlee at F.2d 354.

In Roman v. Jeffes, 904 F.2d 192 (3d Cir. 1990) also cited by Jae, the Court noted that lawsuits in different jurisdiction (Roman F.2d at 197) and was claiming he was being denied his legal materials. The Court stated "although it is not clear what Plaintiff means by "legal materials" if he is referring to legal research notes, copies of orders issued in cases in which he is

8

involved or pleadings filed by opposing parties, it is clear that these materials are core materials, central to his right to access to the Courts." Roman at F.2d 198.

Like Roman, Jae is proceeding *pro se* in numerous cases in different jurisdictions, and at least twelve of these actions have not only been dismissed, but been dismissed as frivolous. If Jae is alleging one of these suits was dismissed because of the alleged denial of his "legal materials" he should raise the issue under that docket number in that forum. Obviously, nothing that could be classified as a core material in this action has been denied to Jae.

## CONCLUSION

Jae's Petition for Writ of Mandamus should be stayed pending Lester's response.

Jae has failed to establish a claim of deprivation under Bounds and its progeny and his Petition for Writ of Mandamus should be dismissed.

Respectfully submitted,

Michael J. McGovern
Assistant Counsel
Attorney I.D. No. 52802

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: August 7, 2001

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, :
:
    Petitioner, :
: Civil Action No. 1:01-CV-0041
v. :
: (Judge Rambo)
CORRECTIONS OFFICER LESTER. :
: (Magistrate Judge Smyser)
    Respondent. :

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Respondent's Brief in Support of Motion to Stay Proceedings and Enlargement of Time to Respond to Petitioner's Petition for Writ of Mandamus upon the person(s) and in the manner indicated below.

        Service by first-class mail
          addressed as follows:

        John Richard Jae, BQ-3219
        SCI-Greene / SMU
        175 Progress Drive
        Waynesburg, PA  15370-8089

        _/s/ Tracey M. McCullough_
        Tracey M. McCullough
        Administrative Officer

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: August 27, 2001