ORIGINAL

FILED
HARRISBURG, PA
SEP 0 5 2001
MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,

    Petitioner,

    v.

CORRECTIONS OFFICER LESTER,

    Respondent.

No. 1:01-CV-0041

(Judge Rambo)

(Magistrate Judge Smyser)

### DEFENDANT C.O. LESTER'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

### FACTS

On January 25, 2001, Plaintiff John Richard Jae (hereinafter "Jae") filed a Complaint in your Court pursuant to 42 U.S.C. §1983 alleging violations of his rights under the Eighth Amendment to the United States Constitution. At least twelve prior actions which Jae filed in federal court were dismissed as frivolous. In conjunction with this Complaint, Jae filed a Motion for *In Forma Pauperis* Status which your Court granted on January 25, 2001. This was based on Jae's averments that he was in imminent danger and therefore an exception to the limits imposed on *in forma*

*pauperis* status under the Prison Litigation Reform Act 42 U.S.C. §1997(e) and 28 U.S.C. §1915(g).

On March 27, 2001, Defendant Corrections Officer Lester (hereinafter "Lester"), by and through his counsel, filed a Motion to Revoke Jae's *In Forma Pauperis* Status, and on April 10, 2001, filed a Brief in Support of the Motion to Revoke. On April 27, 2001, Jae filed his first Motion for Enlargement of Time to File a Brief in Opposition to the Motion to Revoke. In response to Jae's Motion for Enlargement, the Court issued an Order extending Jae's time to file his brief to June 22, 2001.

On June 27, 2001, Jae filed a second Motion for Enlargement of Time to file his brief and a Petition for Writ of Mandamus and a Brief in Support Thereof. Neither of these documents was served on Lester or his attorney of record. The Court granted Jae's Motion for Enlargement of Time.

On June 29, 2001, this action was internally reassigned from Victoria Freimuth, Assistant Counsel, to Michael J. McGovern, Assistant Counsel. Through inadvertence, a new Entry of Appearance was not filed.

On July 5, 2001, the Court granted Jae's second Motion for Enlargement of Time to File Brief in Response to Defendants' Motion to Revoke *In Forma Pauperis* Status. On August 6, 2001, this Court issued an Order that on or before August 14, 2001, Defendant shall file either a brief

2

in opposition to Plaintiff's Petition for Writ of Mandamus or a statement indicating that he does not oppose the Motion. This Order was received at Victoria Freimuth's office on August 16, 2001, at which time Michael J. McGovern filed a Motion for Enlargement of Time to Respond to Jae's Petition for Writ of Mandamus.

On August 22, 2001, Jae filed another Motion for Enlargement of Time to File Brief in Opposition to Defendant's Motion to Revoke his *In Forma Pauperis* Status. On August 27, 2001, Lester filed his Brief in Opposition to Jae's Petition for Writ of Mandamus. On August 28, 2001, Michael J. McGovern, Assistant Counsel, filed an Entry of Appearance on Behalf of Corrections Officer Lester.

## **QUESTIONS PRESENTED**

1. HAS DEFENDANT PROPERLY CURED ANY VIOLATIONS OF FEDERAL RULE OF CIVIL PROCEDURE 11?

Proposed answer in the affirmative.

2. SHOULD THE COURT DENY JAE'S LATEST MOTION FOR ENLARGEMENT OF TIME AND ORDER HIM TO IMMEDIATELY RESPOND TO CORRECTIONS OFFICER LESTER'S MOTION TO REVOKE HIS *IN FORMA PAUPERIS* STATUS?

Proposed answer in the affirmative.

# **ARGUMENT**

1. DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS AND ENLARGEMENT OF TIME TO RESPOND TO JAE'S PETITION FOR WRIT OF MANDAMUS SHOULD NOT BE DISMISSED FOR VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE OR THE LOCAL RULES OF THIS COURT.

Fed.R.Civ.P. 11(a) states:

> (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney shall be signed by the party…An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or the party.

Through inadvertence, counsel failed to enter his appearance on behalf of Lester. Counsel has been admitted to practice before your Honorable Court since 1989. As soon as this oversight was brought to counsel's attention, a proper Entry of Appearance was filed.

WHEREFORE, Lester prays your Honorable Court to accept Lester's Motion for Stay of Proceedings and Enlargement of Time to Respond to Jae's Petition for Writ of Mandamus and brief in support thereof.

2. THE COURT SHOULD DENY JAE'S MOTION FOR ENLARGEMENT OF TIME AND ORDER HIM TO IMMEDIATELY RESPOND TO LESTER'S MOTION TO REVOKE HIS *IN FORMA PAUPERIS* STATUS.

Fed.R.Civ.P. 6 (b) states:

> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court <u>for</u> <u>cause</u> <u>shown</u> may at any time in its discretion…order the period enlarged…(emphasis added)

The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1. "An application under Rule 6 (b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure §1165 at 475 (2d ed. 1987).

Jae's course of conduct throughout this litigation makes it clear that he has not acted in good faith. From the inception of his Complaint all of his actions have been designed to thwart the purposes of the Prison Litigation Reform Act. Given Jae's prior history of filing complaints, which eventually have been dismissed as frivolous, this is not surprising. It is instead to be expected.

Jae, as a result of his previous frivolous filings, is subject to the three-strikes provision of 28 U.S.C. §1915(g).

5

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed in the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

In order to short circuit the three-strikes rule, Jae alleged he was in imminent danger of serious physical injury. This is in spite if the facts that he waited until five months after the incident complained of and his transfer to another facility, to decide he was in "imminent danger" from a corrections officer who is now separated from Jae by over one hundred miles.

When Lester filed a Motion to Revoke Jae's *In Forma Pauperis* Status based on these facts, Jae, instead of disputing the facts or citing legal precedent to support his position, began seeking enlargements of time to respond to the Defendant's brief. It is clear from his Petition for Writ of Mandamus and his latest Motion for Enlargement of Time that these petitions and motions have not been filed in good faith.

Although Jae asserts that he is unable to respond to Lester's Motion and brief without his personal law library and papers, he obviously has more than adequate access to a law library and other resources to draft motions and briefs designed solely to delay these proceedings. These petitions and motions are not designed to "secure the just, speedy and inexpensive

6

determination" of this action. They are instead designed to thwart justice, delay the action and cause unnecessary expenses and inconvenience to Lester.

WHEREFORE, for all of the foregoing reasons, Jae's Motion for Enlargement of Time should be denied and the Court should compel Jae to respond to Lester's Motion and brief or suffer the dismissal of the action as frivolous.

## CONCLUSION

For all of the foregoing reasons, the Court should accept Lester's Brief in Opposition to Jae's Petition for Writ of Mandamus and order Jae to immediately respond to Lester's Motion to Revoke *In Forma Pauperis* Status and brief.

Respectfully submitted,
PA Department of Corrections,

By: *[signature]*
Michael J. McGovern
Assistant Counsel
Office of General Counsel
55 Utley Drive
Camp Hill, PA 17011
717-731-0444

Dated: 09/05/01

7

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the below-referenced document(s) upon the person(s) and in the manner indicated below:

Service by first class mail, postage prepaid, addressed as follows:

John Richard Jae, BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370

_____
Corinne N. Driver
Clerk Typist II
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Fax: (717) 975-2217

Dated: 9/5/01

Re:  Brief in Opposition to Plaintiff's Motion for Enlargement of Time
     *John Richard Jae v. Corrections Officer Lester*, USDC-MD 1:01-CV-0041