cc: Ct; Jae; McGovern; Ctrm Dpty; Ct Rptrs

31 pm
9/19/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, : CIVIL NO. 1:01-CV-0041
:
    Plaintiff : 
: (Judge Rambo)
v. :
: (Magistrate Judge Smyser)
CORRECTIONS OFFICER LESTER, :
:
    Defendant :

FILED
HARRISBURG
SEP 18 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

<u>ORDER</u>

    The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on January 10, 2001.

    On March 27, 2001, the defendant filed a motion to revoke the plaintiff's *in forma pauperis* status and to stay the proceedings. On April 10, 2001, the defendant filed a brief in support of that motion. The plaintiff requested and received extensions of time until September 24, 2001 to file a brief in opposition to the motion.

    On June 27, 2001, the plaintiff filed a petition for a writ of mandamus and brief in support. No brief in opposition to the petition was filed. By an Order dated August 6, 2001

the defendant was ordered to, on or before August 14, 2001, either file a brief in opposition to the petition or file a statement indicating that he does not oppose the petition.

On August 16, 2001, the defendant filed a motion for a stay of the proceedings and an enlargement of time to respond to the petition for a writ of mandamus. The defendant contends that the plaintiff did not serve him with a copy of the petition for a writ of mandamus. The defendant is seeking an order that all action on the petition for a writ of mandamus is stayed until the plaintiff serves the defendant with a copy of the petition. On August 27, 2001, the defendant filed a brief in support of his motion. Also on August 27, 2001, the plaintiff filed a brief in opposition to the defendant's motion. The plaintiff asserts that he did serve a copy of his petition for a writ of mandamus on the defendant's counsel.

In his brief in support of his motion for a stay and an enlargement of time to respond to the petition for a writ of mandamus, the defendant argues that the petition for a writ of

2

mandamus should be denied. The defendant's arguments may be indicative of a waiver of the right to service, or counsel may now have received a copy of the petition for a writ of mandamus.

We are faced with differing factual assertions regarding service of the petition for a writ of mandamus. A hearing is necessary to resolve the factual dispute, unless the defendant has received a copy of the petition and waives proper service and seeks a cancellation of the hearing.

AND NOW, this 18th day of September, 2001, **IT IS HEREBY ORDERED** that a hearing on the defendant's motion (doc. 24) for a stay and an enlargement of time shall be held on October 10, 2001, at 3:00 p.m., in Courtroom No. 5, Federal Building, 3rd and Walnut Streets, Harrisburg, Pennsylvania. A writ of habeas corpus ad testificandum will be issued to secure the plaintiff's presence at the hearing.

J. Andrew Smyser
Magistrate Judge

Dated: September 18, 2001.

3