UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | CIVIL NO. 1:01-CV-0041 |
| Plaintiff | (Judge Rambo) |
| v. | (Magistrate Judge Smyser) |
| CORRECTIONS OFFICER LESTER, | |
| Defendant | |

FILED
HARRISBURG, PA

NOV 0 7 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

ORDER

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on January 10, 2001. The plaintiff alleges that the defendant, a corrections officer at the State Correctional Institution at Camp Hill, used excessive force on him on August 23, 2000.

On March 27, 2001, the defendant filed a motion to revoke the plaintiff's *in forma pauperis* status and to stay the proceedings. On April 10, 2001, the defendant filed a brief in support of that motion. The plaintiff requested and received extensions of time until September 24, 2001 to file a brief in opposition to the motion. The plaintiff has not filed a brief in opposition.

AO 72A
(Rev 8/82)

On June 27, 2001, the plaintiff filed a petition for a writ of mandamus and brief in support. No brief in opposition to the petition was filed. By an Order dated August 6, 2001 the defendant was ordered to, on or before August 14, 2001, either file a brief in opposition to the petition or file a statement indicating that he does not oppose the petition.

On August 16, 2001, the defendant filed a motion for a stay of the proceedings and an enlargement of time to respond to the petition for a writ of mandamus. The defendant contended that the plaintiff did not serve him with a copy of the petition for a writ of mandamus. The defendant sought an order that all action on the petition for a writ of mandamus is stayed until the plaintiff serves the defendant with a copy of the petition. On August 27, 2001, the defendant filed a brief in support of his motion. Also on August 27, 2001, the plaintiff filed a brief in opposition to the defendant's motion. The plaintiff asserted that he did serve a copy of his petition for a writ of mandamus on the defendant's counsel.

By an Order dated September 18, 2001, we scheduled a hearing to resolve the factual dispute about whether the plaintiff served the petition on the defendant. We noted that

2

a hearing is necessary unless the defendant has received a copy of the petition, waives proper service and seeks a cancellation of the hearing. We scheduled the hearing for October 10, 2001.

On September 21, 2001, the defendant filed a document entitled "Defendant Corrections Officer Lester's Waiver of Proper Service of Plaintiff's Petition for Writ of Mandamus and Brief in Support thereof and Petition to Cancel Hearing of October 10, 2001." The defendant asserted that he obtained a copy of the petition for a writ of mandamus from the Clerk of Court on August 17, 2001 and that he is now waiving proper service of the petition. By an Order dated September 28, 2001, the hearing was cancelled and the defendant was ordered to, on or before October 18, 2001, either file a brief in opposition to the petition for a writ of mandamus or a statement indicating that he does not oppose the petition. The defendant filed a brief in opposition to the petition on October 16, 2001.

In his petition for a writ of mandamus, the plaintiff requests an order requiring SCI-Greene officials to return plaintiff's legal materials and to provide enough paper, carbon paper and envelopes to enable him to meet court deadlines.

3

AO 72A
(Rev 8/82)

The court has authority to issue writs of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The writ of mandamus is a drastic remedy that should be granted only in extraordinary circumstances. *In re Nwanze*, 242 F.3d 521, 524 (3rd Cir. 2001). "Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *In re Chambers Development Co., Inc.*, 148 F.3d 214, 223 (3rd Cir. 1998)(quoting *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661 (1978)). "[I]n addition to the jurisdictional prerequisite inherent in the language of § 1651(a), two additional prerequisites for issuance of a writ are: (1) that petitioner have no other adequate means to attain the desired relief, and (2) that petitioner meets it burden of showing that its right to the writ is clear and indisputable." *Id.* (quoting *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 462 (3d Cir. 1996)). It is within the court's discretion to

4

refrain from issuing the writ even when the requirements for mandamus are technically satisfied. *Id.*

A writ of mandamus is not appropriate in this case and is not necessary to aid this court in the exercise of its jurisdiction.

The plaintiff has not identified what property it is that he needs to use to prepare his brief in opposition to the defendant's motion to revoke his *in forma pauperis* status. Moreover, pursuant to regulations of the Department of Corrections the plaintiff may exchange the property in his cell for property in storage once every thirty days. The limitation on the amount of property that the plaintiff may have in his cell at any given time is reasonably related to legitimate penological interests. *Jae v. Kyler*, 1:CV-00-0315, slip order at 3 (M.D.Pa. Sept. 27, 2001)(Rambo, J.).

The plaintiff's assertion that he does not have enough paper, carbon paper and envelopes to litigate this action is undermined by the numerous, unnecessarily lengthy documents that he has filed in this case.

5

The plaintiff's petition for a writ of mandamus seeking an order requiring SCI-Greene officials to return plaintiff's legal materials and to provide enough paper, carbon paper and envelopes to enable him to meet court deadlines will be denied.

Next, we will address the defendant's motion to revoke the plaintiff's *in forma pauperis* status.

28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the plaintiff has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, *see Doc. 2 at* ¶3, he may not proceed *in forma pauperis* in this action unless he is under imminent danger of serious physical injury. In his application to proceed *in forma pauperis*, the plaintiff alleged that he was under

6

imminent danger of serious injury because he could be assaulted again and because he has a heart condition and is not allowed to get worked up. *Id.* at ¶3b.

In *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit held:

> that a complaint alleging imminent danger – even if brought after the prior dismissal of three frivolous complaints – must be credited as having satisfied the threshold criterion of § 1915(g) unless the "imminent danger" element is challenged. If the defendant, after service, challenges the allegations of imminent danger . . . the district court must then determine whether the plaintiff's allegation of imminent danger is credible . . . in order for the plaintiff to proceed on the merits i.f.p. . . .
>
> In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing.

*Id.* at 86-87 (footnote omitted). The court, however, need not credit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998). The court must assess whether the prisoner was under imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). "'Imminent'

7

dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315.

In the instant case, the defendant has challenged the plaintiff's claim of imminent danger.

The plaintiff's claim that he was in imminent danger of serious physical injury at the time he filed his complaint because he could be assaulted again and because he has a heart condition is not consistent with known facts. By the time he filed his complaint the plaintiff was housed at a different institution from the institution where the defendant allegedly assaulted him. Accordingly, pursuant to §1915(g) the plaintiff may not proceed *in forma pauperis* in this court in this case.

We will revoke the plaintiff's *in forma pauperis* status and order that he pay the filing fee to proceed with this case. If the plaintiff does not pay the filing fee, we will recommend that the case be dismissed.

AND NOW, this 7th day of November, 2001, **IT IS HEREBY ORDERED** that the defendant's motion (doc. 12) to revoke the

plaintiff's *in forma pauperis* status is **GRANTED**. The Order of January 25, 2001, granting the plaintiff's request to proceed *in forma pauperis* is **VACATED**. **IT IS FURTHER ORDERED** that on or before November 27, 2001, the plaintiff shall pay the entire $150.00 filing fee. If the plaintiff fails to pay the filing fee, it will be recommended that this action be dismissed. **IT IS FURTHER ORDERED** that the plaintiff's petition (doc. 19) for a writ of mandamus is **DENIED**.

J. Andrew Smyser
Magistrate Judge

Dated: November 7, 2001.

9

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 7, 2001

Re: 1:01-cv-00041    Jae v. Lester

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae
SCI-GREEN
BQ-3219
175 Progress Drive
Waynesburg, PA  15370

Michael J. McGovern, Esq.
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

```
cc:
Judge                           (/)         ( ) Pro Se Law Clerk
Magistrate Judge                (/)         ( ) INS
U.S. Marshal                    ( )         ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )  with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5             ( )
Order to Show Cause             ( )  with Petition attached & mailed certified mail
                                     to: US Atty Gen  ( )   PA Atty Gen ( )
                                         DA of County ( )   Respondents ( )

Bankruptcy Court                ( )
Other_____   ( )
                                                    MARY E. D'ANDREA, Clerk
```

DATE: _____11/7/01_____          BY: ___/s/_____
                                        Deputy Clerk