*see ao*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. 1:01-CV-0041 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| CORRECTIONS OFFICER LESTER, | : | FILED<br>HARRISBURG, PA |
| Defendant | : | DEC 10 2001<br>MARY E. D'ANDREA, CLERK<br>PER _____ DEPUTY CLERK |

### REPORT AND RECOMMENDATION

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on January 10, 2001. The plaintiff alleges that the defendant, a corrections officer at the State Correctional Institution at Camp Hill, used excessive force on him on August 23, 2000.

On March 27, 2001, the defendant filed a motion to revoke the plaintiff's *in forma pauperis* status and to stay the proceedings. On April 10, 2001, the defendant filed a brief in support of that motion. The plaintiff requested and received extensions of time until September 24, 2001 to file a brief in opposition to the motion. The plaintiff did not file a brief in opposition.

AO 72A
(Rev.8/82)

28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the plaintiff has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, *see Doc. 2 at ¶3*, he may not proceed *in forma pauperis* in this action unless he is under imminent danger of serious physical injury. In his application to proceed *in forma pauperis*, the plaintiff alleged that he was under imminent danger of serious injury because he could be assaulted again and because he has a heart condition and is not allowed to get worked up. *Id.* at ¶3b.

In *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit held:

> that a complaint alleging imminent danger – even if brought after the prior dismissal of three frivolous complaints – must be credited

2

> as having satisfied the threshold criterion of
> § 1915(g) unless the "imminent danger" element
> is challenged. If the defendant, after
> service, challenges the allegations of imminent
> danger . . . the district court must then
> determine whether the plaintiff's allegation of
> imminent danger is credible . . . in order for
> the plaintiff to proceed on the merits i.f.p. .
> . .
>     In resolving a contested issue of imminent
> danger, the district court may rely upon
> evidence supplied by sworn affidavits or
> depositions, or, alternatively, may hold a
> hearing.

*Id.* at 86-87 (footnote omitted). The court, however, need not credit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998). The court must assess whether the prisoner was under imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315.

In the instant case, the defendant challenged the plaintiff's claim of imminent danger.

3

In an Order dated November 7, 2001, we found the plaintiff's claim that he was in imminent danger of serious physical injury at the time he filed his complaint because he could be assaulted again and because he has a heart condition not to be consistent with the known facts. By the time the plaintiff filed his complaint he was housed at a different institution from the institution where the defendant allegedly assaulted him. Accordingly, pursuant to §1915(g) the plaintiff may not proceed *in forma pauperis* in this court in this case. By the Order of November 7, 2001 we revoked the plaintiff's *in forma pauperis* status and ordered the plaintiff to pay the filing fee for this case on or before November 27, 2001. The order gave specific notice to the plaintiff that if he were to not pay the filing fee it would be recommended that the case be dismissed.

The plaintiff has not paid the filing fee as ordered. Accordingly, it is recommended that the case be dismissed and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

Dated: December 10, 2001.

4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. 1:01-CV-0041 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| CORRECTIONS OFFICER LESTER, | : | |
| Defendant | : | |

FILED
HARRISBURG, PA

DEC 1 0 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: December 10, 2001.

AO 72A
(Rev.8/82)

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

                  * * MAILING CERTIFICATE OF CLERK * *

                           December 10, 2001


Re:   1:01-cv-00041     Jae v. Lester



True and correct copies of the attached were mailed by the clerk
to the following:


      John Richard Jae
      SCI-GREEN
      BQ-3219
      175 Progress Drive
      Waynesburg, PA   15370

      Michael J. McGovern, Esq.
      Pennsylvania Department of Corrections
      55 Utley Drive
      Camp Hill, PA   17011




cc:
Judge                         (/)              ( ) Pro Se Law Clerk
Magistrate Judge              (/)              ( ) INS
U.S. Marshal                  ( )              ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )    with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )    with Petition attached & mailed certified mail
                                     to:  US Atty Gen   ( )    PA Atty Gen ( )
                                          DA of County  ( )    Respondents ( )

Bankruptcy Court              ( )
Other _____           (-)
                                                  MARY E. D'ANDREA, Clerk
```

DATE: _12/10/01_   BY: _____
                       Deputy Clerk