ORIGINAL

FILED
HARRISBURG, PA

JAN 1 6 2002

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,

    Petitioner,

    v.

CORRECTIONS OFFICER LESTER,

    Respondent.

No. 1:01-CV-0041

(Judge Rambo)

(Magistrate Judge Smyser)

## RESPONDENT'S BRIEF IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

### COUNTER PROCEDURAL HISTORY OF THE CASE

On January 10, 2001, Petitioner, John Richard Jae (hereinafter "Jae") filed a Complaint in your Court, invoking the Court's jurisdiction pursuant to 42 U.S.C. Section 1983. As part of his Complaint, and in compliance with 42 U.S.C. Section 1983 and 42 U.S.C. 1997(e), Jae listed the numerous other lawsuits he has filed in Federal Court while he has been incarcerated. Jae also acknowledged there is a grievance procedure available at his institution. Jae alleges that he did file a grievance, and that the grievance process is not completed because the institution has refused to accept the grievance. Jae also filed a Motion on January 10, 2001, requesting *in forma pauperis* status. In his Motion, Jae alleged he was under

imminent danger of serious physical injury pursuant to 28 U.S.C. §1915(g). On January 24, 2001, your Court granted Jae's Motion to Proceed *In Forma Pauperis*.

On February 22, 2001, your Court issued a Case Management Order in this matter. On March 27, 2001, Respondent Corrections Officer Lester (hereinafter "Lester"), by and through his attorney, filed a Motion to Revoke Jae's *In Forma Pauperis* Status pursuant to 28 U.S.C. §1915(g) because more than three of Jae's prior federal complaints have been deemed frivolous, malicious or failed to state a claim upon which relief can be granted and because Jae was not under imminent danger of serious physical injury at the time the Complaint was filed.

On April 10, 2001, Lester filed his Brief in Support of Motion to Revoke Jae's *In Forma Pauperis* Status, and on April 25, 2001, Jae filed his first Motion for Enlargement of Time to file his Brief in Opposition to Lester's Motion. On April 27, 2001, your Court granted Jae's Motion for Enlargement of Time and ordered that Jae's brief be filed on or before June 22, 2001.

On June 20, 2001, Lester filed a Motion to Extend the Court's Case Management Order by sixty days after the Court has ruled upon Lester's Motion to Revoke Jae's *In Forma Pauperis* Status. On June 25, 2001, the Court granted Lester's Motion to Extend the Case Management Order.

On June 27, 2001, Jae filed another Motion for Enlargement of Time in which to file a Brief in Opposition to Lester's Motion to Revoke Jae's *In Forma Pauperis* Status. At the same time, Jae filed a Petition for Writ of Mandamus and Brief in Support thereof wherein he alleged he was unable to effectively respond

2

to Lester's Motion to Revoke his *In Forma Pauperis* Status because the Department of Corrections was "illegally withholding legal materials, court case filed papers and law books from him." (Jae's Brief in Support of Petition for Writ of Mandamus, p. 1). In this Petition, Jae asks the Court to order the Department of Corrections to return all of his legal materials, court files and law books to him and to further order the Department of Corrections to provide him with carbon paper and legal envelopes. Neither the Petition nor the brief were served on Lester or his attorney.

On July 5, 2001, the Court granted Jae's Motion to again extend the time for him to File a Brief in Opposition to Lester's Motion to Revoke his *In Forma Pauperis* Status, extending Jae's deadline to file his brief to July 23, 2001. On July 27, 2001, Jae filed another motion to extend the time to file his Brief in Opposition to Lester's Motion to Revoke his *In Forma Pauperis* Status.

On August 6, 2001, the Court issued an Order that on or before August 14, 2001, Lester was directed to either file a Brief in Opposition to Jae's Petition for Writ of Mandamus or a statement indicating he does not oppose the Petition. This is the first notice to Lester of Jae's Petition for Writ of Mandamus.

On August 7, 2001, the Court granted Jae an additional Enlargement of Time to file his Brief in Opposition to Lester's Motion to Revoke his *In Forma Pauperis* status.

On August 16, 2001, Lester, by and through his attorney filed a motion requesting the Court stay proceedings as to Jae's Petition for Writ of Mandamus

3

until such time as Jae properly served Lester and to grant Lester an Enlargement of Time to file a Brief in Opposition to Jae's Petition for Writ of Mandamus.

By Order dated September 18, 2001, the Court scheduled a hearing for October 10, 2001 to resolve the issue of proper service. On September 21, 2001, Lester waived service of Jae's Petition for Writ of Mandamus. On September 28, 2001, the Court issued an Order directing Lester to on or before October 18, 2001, either file a Brief in Opposition to Jae's Petition for Writ of Mandamus or a statement indicating that he does not oppose the Petition.

Lester's Brief in Opposition to Jae's Petition for Writ of Mandamus was filed on October 16, 2001. By Order dated November 27, 2001, the Court revoked Jae's *in forma pauperis* status and ordered Jae to, on or before November 27, 2001, pay the entire $150.00 filing fee. By the same Order, the Court denied Jae's Petition for Writ of Mandamus.

On December 10, 2001, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge recommended that, as Jae had not paid the filing fee as ordered, the case be dismissed and the case file to be closed. By Order dated January 9, 2002, the Court adopted the Magistrate Judge's Report and Recommendation. Lester subsequently received Jae's Objections to the Magistrate Judge's Report and Recommendation.

## COUNTER STATEMENT OF THE FACTS

On the morning of August 23, 2000, while Jae was incarcerated at the State Correctional Institution at Camp Hill, Lester allegedly threatened to assault Jae (Complaint, ¶ 1). That same day, Lester came to Jae's cell with handcuffs and a security belt to transport Jae to the RHU property room so that Jae could exchange his legal materials (*Id.*, ¶ 2). After Jae was handcuffed and the security belt was in place, the cell door was opened and Lester escorted Jae to the RHU (*Id.*, ¶ 3). When Lester and Jae arrived at the RHU, and while they were out of the view of the security cameras, Lester allegedly pushed Jae into a concrete wall and hit him twice on the back of his head (*Id.*, ¶ 4). Jae alleges that as a result of these actions, he suffered a bruise on his lower back and the back of his head was tender to the touch. Jae also alleges he suffered emotional distress (*Id.*, ¶ 7). Jae alleges that after that time, Lester has continued to threaten him (*Id.*, ¶ 8), and as a result of these threats, Jae did not exchange his legal or religious materials (*Id.*, ¶ 9).

Jae was subsequently transferred to the State Correctional Institution at Greene. In January of 2001, after his transfer and five months after the incident complained of, Jae filed this Complaint.

## COUNTER STATEMENT OF THE QUESTIONS INVOLVED

I. DOES 28 U.S.C. §1915(g) VIOLATE THE FIRST, FIFTH OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION?

Proposed Answer in the Negative.

II. DID THE MAGISTRATE JUDGE ERR IN FINDING THAT PLAINTIFF WAS NOT IN IMMINENT DANGER?

Proposed Answer in the Negative.

## ARGUMENT

I. 28 U.S.C. §1915(g) DOES NOT VIOLATE THE FIRST, FIFTH OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Jae challenges the constitutionality of 28 U.S.C. §1915(g) based on the First, Fifth and Fourteenth Amendments. Although his brief devotes several pages to a historical analysis of the evolution of prisoners' due process rights, he fails to cite a single case that supports his claim that 28 U.S.C. §1915(g) is unconstitutional. Nor has extensive research by Lester's counsel found any case that supports Jae's assertions.

The courts have consistently held that 28 U.S.C. §1915(g) withstands constitutional scrutiny as applied to the First, Fifth and Fourteenth Amendments. *See Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998), petition for writ of certiorari denied, 525 U.S. 1139 (1999), *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), petition for writ of certiorari dismissed, 524 U.S. 978 (1998). The Third Circuit recently addressed these same issues in *Abdul-Akbar v. McKelvie*, 239 F.3d 307

6

(3d Cir. 2001) *cert denied* 12 S.Ct. 2600 (2001), and dismissed the plaintiff's Fifth and Fourteenth Amendment challenges to 28 U.S.C. §1915(g).

II. THE MAGISTRATE JUDGE DID NOT ERR IN FINDING THAT PLAINTIFF WAS NOT IN IMMINENT DANGER.

Jae asserts that the Magistrate Judge erroneously applied the law to his case. Jae bases this assertion on the fact that in the interim between the filing of his Complaint and the Magistrate Judge's Order, the Third Circuit Court of Appeals overruled *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). In *Gibbs*, the court held that "imminent danger is measured at the time of the alleged incident and not at the time the complaint is filed." *Id.* at 86. In *Abdul-Akbar, supra*, the Third Circuit abandoned Gibbs and held that "the court should assess 'imminent danger' as of the time the prisoner's complaint is filed and a prisoner's allegation that he faced danger in the past is insufficient to allow him to proceed." *Abdul-Akbar* at 311. The Magistrate Judge, in applying *Abdul-Akbar* to Jae's Complaint, found that Jae had been transferred to a different institution after the incident complained of and before he filed his Complaint and was therefore not in imminent danger at the time the Complaint was filed.

Jae alleges that because the Third Circuit did not specifically hold that *Abdul-Akbar* should be applied retroactively, it cannot be applied retroactively. He cites no cases to support this. In addition, as Jae notes in his brief, he filed this Complaint on January 10, 2001. The appeal from the District Court's decision in *Abdul-Akbar* was submitted to the Third Circuit on February 18, 2000. Therefore,

7

the District Court's decision, which the Third circuit upheld, precedes Jae's filing of his Complaint by at least eleven months, so that its application to his case is not retroactive.

## CONCLUSION

For the foregoing reasons, Jae's challenges to the constitutionality of 28 U.S.C. §1915(g) and his objections to the Magistrate Judge's Report should be dismissed.

Respectfully submitted,<br>
Pa Department of Corrections,

By: _____
Michael J. McGovern
Assistant Counsel
Attorney I.D. No. 52802
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
717-731-0444

Dated: 01/10/02

8

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the below-referenced document(s) upon the person(s) and in the manner indicated below:

<u>Service by first class mail, postage prepaid, addressed as follows:</u>

John Richard Jae, BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370

*[signature]*
Corinne N. Driver
Clerk Typist II
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Fax: (717) 975-2217

Dated: 1/16/02

Re:   Respondent's Brief in Response to Plaintiff's Objections to the Magistrate Judge's Report
*John Richard Jae v. Corrections Officer Lester*, USDC-MD 1:01-CV-0041